UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAULA J. KARAS, | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) NO. 24-40110-MRG |
| STATE OF NORTH CAROLINA, | ) |
| Defendant. | ) |

**ORDER**
September 6, 2024

**GUZMAN, D.J.**

Plaintiff Paula J. Karas, who is proceeding *pro se*, brings this action against the State of North Carolina. With her complaint, Karas filed a motions for leave to proceed *in forma pauperis*, for an ex-parte hearing and for court orders.

The Court's records indicate that filing restrictions have been imposed on Karas. *See* ECF 4, at 2, *Karas v. Dep't of Com. Div. of Ins.,* No. 12-cv-10365-FDS (D. Mass. Mar. 7, 2012). The Court's March 7, 2012 Memorandum and Order states:

> Plaintiff is enjoined from filing any additional complaints, papers, claims, cases, or other documents in the United States District Court for the District of Massachusetts, in any manner, way, or form, without obtaining prior written approval of the Miscellaneous Business Docket judge of the United States District Court for the District of Massachusetts.

*Id.* at 7. The Memorandum and Order states further that:

> If plaintiff Paula J. Karas seeks to file any additional papers in this Court, she shall file a written petition seeking leave of court to do so. The petition must contain a copy of this Memorandum and Order, together with the papers sought to be filed, and a certification under oath that there is a good-faith basis for their filing. The Clerk of Court shall accept the documents, mark them received, and forward them to the Miscellaneous Business Docket Judge for action on the petition.

*Id.* at 7-8.  The Memorandum and Order advised Karas that "failure to comply with these requirements may result in the imposition of additional sanctions, including monetary fines." *Id.* at 8.

Federal courts possess certain "'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Here, Karas failed to follow the written instructions in the 2012 Memorandum and Order. The Memorandum and Order direct Karas to file a written petition with the papers sought to be filed and a certification under oath that there is a good-faith basis for their filing.  This she failed to do and the Court cannot discern any reason why the complaint overcomes the sanction imposed by the 2012 Memorandum and Order.

Accordingly, this action is DISMISSED pursuant to the Court's inherent authority.  The Clerk shall enter a separate order of dismissal.

**So Ordered.**

/s/ Margaret R. Guzman
MARGARET R. GUZMAN
UNITED STATES DISTRICT JUDGE

Dated: September 6, 2024